IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

*vs*.                                         CRIMINAL ACTION NO. 1:06CR36-1
                                                                    1:06CR36-2

DOYLE R. SICKLES,
ELIZABETH SICKLES,

       Defendants.

## **REPORT AND RECOMMENDATION/OPINION**

On the 17th day of October, 2006, came the Defendants, Doyle R. Sickles and Elizabeth Sickles, in person and by their counsel, John W. Cooper and Stephen G. Jory, respectively, and also came the United States by its Assistant United States Attorney, Rob McWilliams, for hearing on Defendants' "Motion In Limine to Allow Lay Witness Opinion Testimony to Show Good Faith" [Docket Entry 32] and "Motion in Limine and Motion to Strike Part of Indictment Re: Summons to 3rd Parties" [Docket Entry 33].[1] These motions were referred to the undersigned United States Magistrate Judge by Chief United States District Judge Irene M. Keeley on October 5, 2006 [Docket Entry 36]. The matter was then heard on the motions, the government's responses to said motions, and the arguments of counsel.

### **I. Motion In Limine to Allow Lay Witness Opinion Testimony to Show Good Faith**

Defendants have been charged in a five-count Indictment, with the willful evasion of income taxes for the years 1998, 1999, 2000, 2001, and 2002, respectively. Defendants have argued that

---

[1] Each defendant filed a separate motion to adopt the motions filed by the other defendant. [Docket Entries 34 and 35]. Both motions to adopt were granted by Order dated October 4, 2006 [Docket Entry 37].

a "significant part of [their] defense in this case relates to [their] belief that [in relying] upon the advice, services, information, and forms [they] received from [certain] entities and persons, that [they were] acting in accordance with the law and in good faith. See "Defendants' Motion for Exculpatory Evidence [Docket 31].

Defendants, in their "Motion in Limine to Allow Lay Witness Opinion Testimony to Show Good Faith," move the Court to permit them to "present the testimony of other persons who have reached similar conclusions about the tax laws . . . ." Defendants argue:

> In order to demonstrate that the Defendant[s'] conclusions, even though those conclusions may not be in harmony with the law as understood by this Court, have been reached by other people who have concluded, like the Defendant[s], that there is no obligation to file income tax returns or pay income taxes, the jury should be allowed to hear the testimony of other lay witnesses who have investigated the tax laws and who have concluded (even though perhaps erroneously) that they have no obligation to file or pay.

(Defendants' brief at 3). Further:

> Defendant[s] wish[] to present the fact that other people have reached the same conclusion through the testimony of other lay witnesses who have reached similar conclusions to those of the Defendant[s] in order to show the jury that it is not unreasonable or insincere to reach such conclusions and that other sincere, reasonable, law abiding citizens have reached similar conclusions. This would constitute evidence of the Defendants' sincerity and reasonableness of [their] beliefs, which are the issues presented when a good faith defense is presented to a jury.
>
> It is respectfully requested that the Court allow testimony of law from individuals who will testify that through their experiences with the IRS, and through studying the tax codes, and from attending seminars and reading materials presented at those seminars, and studying other books and records regarding the tax laws, they have reached the conclusion that the trusts involved here are valid. Again, this testimony is not going to be presented for the purpose of proving that the tax laws do not conflict with these trusts. These people are not presenting opinion evidence to the jury, they are presenting factual evidence to the jury - - that there are other people who have reached these same conclusions. It is going to be presented for the purpose of showing that reasonable and sincere people can reach that conclusion even though it may be erroneous.

Defendants cite <u>Cheek v. United States</u>, 498 U.S. 192 (1991) for the argument that they have "the right to place before the jury evidence that [their] belief, even though perhaps erroneous, can and has been reached reasonably, and that other reasonable people can reach that same conclusion."

Rule 701, regarding opinion testimony by lay witnesses, provides:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are: (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

The Advisory Committee Notes to the 1972 Proposed Rules provides:

> Limitation (a) is the familiar requirement of first-hand knowledge or observation. Limitation (b) is phrased in terms of requiring testimony to be helpful in resolving issues. Witnesses often find difficulty in expressing themselves in language which is not that of an opinion or conclusion . . . . If, despite these considerations, attempts are made to introduce meaningless assertions which amount to little more than choosing up sides, exclusion for lack of helpfulness is called for by the rule.

The question of whether the proffered opinion is rationally based on the witness's knowledge and whether it will be helpful are, like all preconditions to the admissibility of evidence, the discretionary determination of which is to be made by the trial judge. <u>See</u> generally Fed.R.Evid. 104(a).

The Advisory Committee Notes to the 2000 Amendments clarify 701(c) as follows:

> Rule 701 has been amended to eliminate the risk that the reliability requirements set forth in rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing. Under the amendment, a witness' testimony must be scrutinized under the rules regulating expert opinion to the extent that the witness is providing testimony based on scientific, technical, or other specialized knowledge within the scope of rule 702 . . . .
>
> The amendment does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony* . . . . the amendment makes clear that any part of a witness' testimony that is based on scientific, technical, or other specialized

3

knowledge within the scope of Rule 702 is governed by the standards of Rule 702 and the corresponding requirements of the Civil and Criminal Rules.

The amendment is not intended to affect the "prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competence of a person, degrees of light or darkness, sound, size, width, distance, and an endless number of items that cannot be described factually in words apart from inferences." . . . .

The amendment incorporates the distinctions set forth in State v. Brown, 836 S.W.2d 530, 549 (1992), a case involving former Tennessee Rule of Evidence 701, a rule that precluded lay witness testimony based on "special knowledge.' In Brown, the court declared that the distinction between lay and expert witness testimony "results from a process of reasoning which can be mastered only by specialists in the field." The court in Brown noted that a lay witness with experience could testify that a substance appeared to be blood, but that a witness would have to qualify as an expert before he could testify that bruising around the eyes is indicative of skull trauma. That is the kind of distinction made by the amendment to this Rule.

The undersigned finds the proposed lay witness testimony does not meet the requirements of Rule 701, and therefore should not be allowed at trial in this matter. Defendants do not cite any law supporting an extension of Rule 701 to include lay witness testimony as to that witness' own conclusion that the trusts were valid. The undersigned could find only one similar case, U.S. v. Rea, 958 F.2d 1206 (2nd Circuit 1992). In that case, it was the Government which requested it be allowed to present lay witness testimony. At the trial, a lay witness was permitted to testify that the defendant "had to know" he was participating in a scheme to avoid federal excise taxes. The Court of Appeals held that the lay witness should not have been permitted to so testify, citing Rule 701 and the Advisory Committee Notes. The Court's reasoning is instructive:

> [W]hen a witness has fully described what a defendant was in a position to observe, what the defendant was told, and what the defendant said or did, the witness's opinion as to the defendant's knowledge will often not be "helpful" within the meaning of rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant knew.. . . . Lay opinion testimony will probably be more helpful when the inference of knowledge is to be drawn not from observed events or communications that can be adequately described

4

to the jury, but from such factors as the defendant's history or job experience . . . .

In addition, even those lay opinions that pass Rule 701's dual test of admissibility may be excluded by the court under Fed.R.Evid. 403 if the court determines that the admission of the opinion will be cumulative or a waste of time, or that its helpfulness is substantially outweighed by the danger of unfair prejudice to the party opposing admission of the evidence . . . .

In the present case, the undersigned finds the proposed testimony does not meet the requirements of 701(a) because the testimony begs the question of whether the witness' conclusions regarding the validity of the trusts are any more "rationally based" than Defendants' own conclusions. For that same reason, the proposed testimony does not meet 701(b). The jurors themselves are as capable as the proposed witnesses of deciding whether, considering the information Defendants were provided, their conclusion that the trusts were valid and they owed no taxes was in good faith or reasonable. The undersigned finds the proposed testimony is an "attempt [] made to introduce meaningless assertions which amount to little more than choosing up sides." Therefore, "exclusion for lack of helpfulness is called for by the Rule." Indeed, should the testimony be admitted, the undersigned could foresee the Government proposing its own witnesses to testify that they received the same information and concluded the trusts were not valid.

Finally, the undersigned finds the proposed testimony treads very close to, if not crossing over, the line between lay witness and expert testimony. As Defendants themselves state, the proposed witnesses would testify based on their own "experience with the IRS, and through studying the tax codes, and from attending seminars and reading materials presented at those seminars, and studying other books and records regarding the tax laws . . . ." (Defendant's brief at 5). These are far from the "prototypical example[s] of the type of evidence contemplated by the adoption of Rule 701 relat[ing] to the appearance of persons or things, identity, the manner of conduct, competence

5

of a person, degrees of light or darkness, sound, size, width, distance, and an endless number of items that cannot be described factually in words apart from inferences," but instead appear based on "technical or specialized knowledge."

For all the above reasons, the undersigned finds the proposed lay witness opinion testimony should be excluded, and recommends Defendants' "Motion in Limine to Allow Lay Witness Opinion Testimony to show Good Faith" be DENIED.

## II.  Motion in Limine and Motion to Strike Part of Indictment
## Re: Summons to 3rd Parties

Defendants move the Court for an order in limine preventing the Government from offering any evidence or making any argument or statement in the presence of the jury with respect to the red language stamped on copies of summons to financial institutions (the matters contained in Count 4, paragraph 8 of the indictment.)  Defendants further pray that such language be stricken from the indictment.  The language about which Defendants complain is contained in paragraph 8, as follows:

6. On or about May 8, 2001, defendants DOYLE R. SICKLES and ELIZABETH W. SICKLES were notified by a Revenue Agent of an audit.

7. In 2001, numerous third party summonses were issued by the IRS Revenue Officer to various financial entities, namely banks, requesting information relative to the audit. Defendants DOYLE R. SICKLES and ELIZABETH W. SICKLES were sent copies of each summons.[2]

8. On or about October 18, 2001, copies of the above-mentioned summonses were returned to the IRS by defendants DOYLE R. SICKLES with the words "REFUSED FOR FRAUD" stamped in red ink of the face of each.  Further, identical "REFUSED FOR FRAUD" copies of the summonses were sent to each financial entity with a letter attached that was signed by defendant DOYLE R. SICKLES threatening to file a lawsuit against the financial entity if it complied with the IRS summons.

---

[2] Defendants do not object to the language contained in paragraphs 6 or 7, but these are included for purposes of context.

6

Defendants argue that the "only purpose" of including the quoted language "REFUSED FOR FRAUD" in the indictment "is to inflame the jury at such time as the jury may be shown the indictment." Inflaming the jury is also argued to be "the only purpose" in offering or referring to the "REFUSED FOR FRAUD" documents as exhibits or in testimony. Defendants argue that the original summons (without the red stamp) is in the possession of each bank and a copy of each (also without the red stamp) is in the possession of the IRS. Defendants contend the "stamped" summonses' relevancy to the criminal proceedings here is "remote at best," and that since the banks have the original versions (without the "REFUSED FOR FRAUD" stamp), "there is no need to admit the stamped copies.

Defendants' first argument is that the summonses are irrelevant under F.R.C.P. 402. Second, even if deemed relevant, their probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or needless presentation of cumulative evidence. See FRCP 403. Defendants especially argue:

> The danger of admitting the evidence in the present case is that it may unfairly prejudice the Defendant. There is a substantial risk in the present case that Sickles may be adversely affected by jury bias because of his financial condition and the issues to be decided involve alleged income tax evasion by a wealthy defendant. It is highly unlikely that any jury in the Northern District will include jurors in the same financial strata as Dr. Sickles who is an orthopedic surgeon. Hence, there is a risk of class discrimination again the defendant. Greater care should be given to exclude evidence of the type described in this motion and to limit the language of the indictment to prevent unfairly prejudicing the defendant.

Defendant concludes:

> Given the limited probative value of the challenged evidence in the present case, and given the financial condition of Dr. Sickles, there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value of the offered evidence and the challenged language in the indictment.

7

The Government argues that the documents are "extremely relevant" to the defendants' willfulness and knowledge. The government further argues that there is no support in the record or in any case law to support suppression of evidence or striking language from an indictment based on class discrimination of the sort claimed here.

F.R.C.P. 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Contrary to Defendants' argument, the undersigned finds the copies of summonses stamped "Refused for Fraud" and sent back to the IRS as well as to banks along with the attached letter threatening suit is relevant evidence pertaining to the Government's burden of proving Defendants' willfulness and knowledge in allegedly attempting to defeat portions of their income tax.

Rule 403, however, provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

"Decisions regarding the admission or exclusion of evidence are committed to the sound discretion of the district court and will not be reversed absent an abuse of that discretion." U.S. v. Lancaster, 78 F.3d 888 (4th Cir. 1996). Generally speaking, the trial court's Rule 403 balancing is shown broad deference, and will be overturned on appeal only under the most exceptional circumstances. See e.g., U.S. v. Myers, 280 F.3d 407 (4th Cir. 2002) cert. denied, 123 S. Ct. 53 (2002).

The evidence sought to be suppressed and the words sought to be stricken here are not so

8

inflammatory considering the range of evidence that has been approved over Rule 403 objections. These include "gruesome details," U.S. v. Meyers, 280 F.3d 407 (4th Cir. 2002); evidence that the defendant met his co-conspirator while both were incarcerated, U.S. v. Obi, 239 F.3d 662 (4th Cir. 2001); photographs of gunshot wounds to the victim's face and victim lying in a pool of blood, U.S. v. Anally, 975 F.2d 119 (4th Cir. 1992); and evidence that a defendant routinely beat his children and wife; that he disciplined his children by forcing them to eat hot peppers; and that he once threatened to burn down their home with them inside, U.S. v. Powers, 59 F.3d 1460 (4th Cir. 1995). Some evidence admitted over 403 objections also had far less relevance to the actual offense charged than does the evidence Defendant seek to exclude. For example, in U.S. v. Aramony, 88 F.3d 1369 (4th Cir. 1996), evidence of the defendant's sexual advances toward company employees was admitted in a prosecution for mail and wire fraud.

The undersigned does not find copies of summonses stamped with the words "REFUSED FOR FRAUD" in red so inflammatory that they create the danger of unfair prejudice, confusion of the issues, or misleading the jury, or that they should be excluded due to considerations of undue delay, waste of time or needless presentation of cumulative evidence. Nor does the undersigned find that the reference to these summonses in the indictment should be stricken, for the same reasons. Defendants offer no support for their contention that a jury will be inflamed by these words and documents because Defendants are wealthy and the jurors most likely are not – their "class discrimination" argument. The undersigned sees no reason to believe the words are any more - or less- inflammatory when used by a wealthy person than they would be when used by a middle-class or poor person. There is no reference in the evidence itself to Defendants' wealth or class.

Upon balancing Rules 402 and 403, the undersigned finds the evidence is admissible and the

words need not be stricken from the indictment.  The undersigned therefore recommends Defendants' "Motion in Limine and Motion to Strike Part of Indictment Re: Summons to 3rd Parties" be DENIED.

## RECOMMENDATION

For all the above reasons, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** Defendants' "Motion In Limine to Allow Lay Witness Opinion Testimony to Show Good Faith" [Docket Entry 32] and "Motion in Limine and Motion to Strike Part of Indictment Re: Summons to 3rd Parties" [Docket Entry 33] each be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Recommendation for Disposition, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation for Disposition to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge.  Failure to timely file objections to the Report and Recommendation for Disposition set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such proposed findings and recommendation.  28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

Respectfully submitted this 2nd day of November, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE