IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                          CIVIL ACTION NO. 1:06CR36
                                  (Judge Keeley)

**DOYLE R. SICKLES,**
**ELIZABETH SICKLES**

      Defendants.

**ORDER ADOPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION REGARDING DEFENDANTS'**
**MOTION IN LIMINE TO ALLOW LAY WITNESS TESTIMONY TO**
**SHOW GOOD FAITH AND MOTION IN LIMINE TO STRIKE**
**PART OF INDICTMENT RE: SUMMONSES TO 3RD PARTIES**

On October 2, 2006, Defendant Doyle R. Sickles filed a motion in limine to allow lay witnesses testimony to establish good faith (dkt no. 32) and a motion in limine to preclude evidence and to strike part of the indictment regarding summonses to third parties (dkt no. 33). On that same day, Defendant Elizabeth Sickles filed a motion to adopt the pretrial motions that had been filed on her husband's behalf. On October 4, 2006, the Court referred the pending motions in limine to United States Magistrate Judge John S. Kaull to conduct a hearing and recommend a disposition for the motions (dkt no. 36).

Magistrate Judge Kaull granted Elizabeth Sickles' motion to adopt the motions filed on her husband's behalf and heard argument on the motions in limine on October 17, 2006. On November 2, 2006, the Magistrate Judge issued his Report and Recommendation (dkt no.

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTION IN LIMINE TO ALLOW LAY WITNESS TESTIMONY TO
SHOW GOOD FAITH AND MOTION IN LIMINE TO STRIKE PART
OF INDICTMENT RE: SUMMONSES TO 3RD PARTIES**

45), recommending that both of the defendants' motions in limine be denied.

In their motion in limine concerning lay witness testimony, the defendants argued that the Court should permit them to present the testimony of other lay persons who have reached similar conclusions about the tax laws and the validity of the trusts at issue in this case because the defendants claim such evidence goes to the reasonableness of their beliefs. The Magistrate Judge concluded that the proposed lay testimony did not meet the requirements of Federal Rule of Evidence 701(a) because "the testimony begs the question of whether the witness' conclusions regarding the validity of the trusts are any more 'rationally based' than Defendants' own conclusions." Similarly, he found that the proposed lay testimony did not meet the requirements of Rule 701(b) because the jurors are as capable as the proposed witnesses of deciding whether the defendants' conclusions that the trusts were valid and that they owed no taxes were in good faith or reasonable. The Magistrate Judge also noted that the proposed testimony closely approaches being expert testimony not covered by Rule 701.

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTION IN LIMINE TO ALLOW LAY WITNESS TESTIMONY TO
SHOW GOOD FAITH AND MOTION IN LIMINE TO STRIKE PART
OF INDICTMENT RE: SUMMONSES TO 3RD PARTIES**

In their motion in limine concerning summonses of third parties, the defendants requested that the Court prohibit the Government from offering any argument or evidence with respect to the language stamped in red on copies of summonses to financial institutions that allegedly were returned to the Internal Revenue Service by the Sickles. The defendants further requested that the Court strike the allegations in the Indictment concerning this language because they claim the only purpose for including the "REFUSED FOR FRAUD" language in the case is to inflame the jury. Under Federal Rule of Evidence 402, Magistrate Judge Kaull concluded that the copies of the summonses stamped with "REFUSED FOR FRAUD" is relevant evidence pertaining to the Government's burden of proving the defendants' willfulness and knowledge in allegedly attempting to defeat portions of their income tax. He also found that, under Federal Rule of Evidence 403, the copies of the summonses stamped with "REFUSED FOR FRAUD" are not so inflammatory that they create the danger of unfair prejudice, confusion of the issues, or misleading the jury, or that they should be excluded due to considerations of undue delay, waste of time or needless presentation of evidence. Therefore, the

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTION IN LIMINE TO ALLOW LAY WITNESS TESTIMONY TO
SHOW GOOD FAITH AND MOTION IN LIMINE TO STRIKE PART
OF INDICTMENT RE: SUMMONSES TO 3RD PARTIES**

Magistrate Judge concluded that the evidence is admissible and the allegations concerning the summonses need not be stricken from the Indictment.

Magistrate Judge Kaull advised the parties that they should file any objections to his recommendations no later than 10 days after receiving service of his Report and Recommendation. He also warned the parties that a failure to do so would result in the waiver of their appellate rights with respect to the motion to strike.[1] Nevertheless, none of the parties filed any objections.[2]

Accordingly, the Court **ADOPTS** Magistrate Judge Kaull's Report and Recommendation (dkt no. 455) in its entirety and **DENIES** the defendant's motions in limine (dkt nos. 32 and 33).

It is **SO ORDERED.**

The Clerk is directed to send a certified copy of this Order to counsel of record and all appropriate government agencies.

---

[1] Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).

[2] The defendants, however, filed objections to the Magistrate Judge's November 2, 2006 Order (dkt no. 46) denying their motion for disclosure of exculpatory evidence regarding the Aegis Company, the Athens Company, and the Fortress Trust Training School (dkt no. 31). This motion was not addressed in the Magistrate Judge's November 2, 2006 Report and Recommendation; thus, the Court will address these objections in a separate order.

U.S. v. SICKLES                                              1:06CR36

**ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION REGARDING DEFENDANTS'
MOTION IN LIMINE TO ALLOW LAY WITNESS TESTIMONY TO
SHOW GOOD FAITH AND MOTION IN LIMINE TO STRIKE PART
OF INDICTMENT RE: SUMMONSES TO 3RD PARTIES**

DATED: November 21, 2006.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE